UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YIFAT SHOHAM,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED AIRLINES, INC.,<br><br>        Defendant. | Civil Action No. |

**DEFENDANT'S NOTICE OF REMOVAL**

To:    United States District Court
       Eastern District of New York
       100 Federal Plaza
       Central Islip, New York 11722

Defendant United Airlines, Inc., (hereinafter "United" or the "Company"), by and through its attorneys, Nukk-Freeman & Cerra, P.C., respectfully petitions this Court for the removal of the above-entitled case from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this petition, United respectfully states as follows:

1. On or about August 23, 2022, Plaintiff Yifat Shoham ("Plaintiff") filed a Verified Complaint (the "Complaint") against United in the Supreme Court of the State of New York, County of Queens, Index No.: 717509/2022 (hereinafter the "State Court Action"). The State Court Action is currently pending in that Court. No other defendants are named in the Complaint. A copy of the Complaint filed in the State Court Action (annexed hereto as **Exhibit A)** and Affidavit of Service on the CT Corporation System (annexed hereto as **Exhibit B**) constitute all the processes and pleadings served and filed to date in the State Court Action.

2. United was served with the Summons and Complaint on August 25, 2022.

    a. Plaintiff filed an Affidavit of Service stating that Plaintiff served the Summons and Complaint upon CT Corporation System on August 25, 2022. A filed copy of Plaintiff's Affidavit of Service on CT Corporation System, dated August 29, is annexed hereto as **Exhibit B**.

    b. CT Corporation System received the Summons and Complaint on August 25, 2022. A copy of the CT Corporation System Service of Process Transmission is annexed hereto as **Exhibit C**.

    c. For purposes of starting the 30-day removal clock, United's actual receipt of the initial pleading is August 25, 2022. See Cotter v. Milly LLC, No. 09 CIV. 04639 (PGG), 2010 WL 286614, at *4 (S.D.N.Y. Jan. 22, 2010) (while New York law may treat service as "complete" when a summons and complaint are served on the Secretary of State, federal courts in New York require actual receipt of the initial pleadings by a defendant to start the 30–day removal clock).

3. Thus, this Notice of Removal is timely filed within 30 days after United first received notice of the State Court Action through service or otherwise. This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

4. United makes its first appearance in this matter by way of this Notice of Removal and the Notice of Filing of Notice of Removal, which is being filed concurrently in the State Court Action.

5. The State Court Action is a civil action over which this Court has original jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332.

6. There is complete diversity in this action pursuant to 28 U.S.C. § 1332 in that, at the time of the filing of the Complaint and at the time of removal:

   a. United is a Delaware Corporation with its principal place of business located in 233 South Wacker Drive, Chicago, Illinois 60606. See **Exhibit A** at ¶ 3. United is not a citizen of any other state or jurisdiction for purposes of 28 U.S.C. § 1332.

   b. United is not incorporated in New York nor does it maintain a principal place of business in New York.

   c. The Complaint does not name any non-diverse defendants. No defendant is a citizen of New York.

   d. Upon information and belief, and according to the Complaint, Plaintiff is a citizen of, and resides in, Queens County in the state of New York. See **Exhibit A** at ¶ 2.

7. The amount in controversy in this action is satisfied pursuant to 28 U.S.C. § 1332 in that:

   a. The Complaint alleges an amount in controversy in excess of $75,000.

   b. Plaintiff brings claims for Age Discrimination under the New York State Human Rights Law, N.Y. Exec. L. § 296 et seq. ("NYSHRL") and the New York City Human Rights Law, N.Y. City Admin. Code § 8-107 et seq. ("NYCHRL"). Plaintiff seeks, *inter alia*, to recover for compensatory damages and punitive damages, among other monetary damages. See **Exhibit A**.

   c. Therefore, assuming solely for purposes of this application that Plaintiff could succeed on her claims, her recovery could exceed $75,000.00, not inclusive of any fees, costs or interest.

8. Accordingly, the above captioned action is a civil action in which the amount in controversy exceeds $75,000.00, and complete diversity exists in that no plaintiff is a citizen of the

same state as any properly joined and served defendant.  See 28 U.S.C. §§ 1332, 1441, 1446. Therefore, this Court has diversity jurisdiction over the State Court Action pursuant to 28 U.S.C. §1332, which United may properly remove to this Court pursuant to 28 U.S.C. §1441, *et seq.*

9. Based upon the allegations in the Complaint, and without waiving any challenges with respect to same, venue is proper in the United States District Court for the Eastern District of New York in that the State Court Action was filed in the Supreme Court of the State of New York, County of Queens.

10. As of the present date, no other hearings or proceedings have taken place in the State Court Action to United's knowledge.

11. As of this date, no discovery has been issued or commenced in the State Court Action.

12. By filing this notice, United neither admits any factual allegations, nor waives any affirmative defenses and/or preliminary objections that may be available to it.

13. Pursuant to Fed. R. Civ. P. 81(c), United must answer or present other defenses or objections to Plaintiff's Complaint seven days after the filing of this Notice of Removal.

14. Upon filing of this Notice of Removal, United shall give written notice thereof to Kenneth F. McCallion, Esq., attorney for Plaintiff.  United shall also file true and correct copies of said Notice of Removal with the Clerk of the Court of the Supreme Court of the State of New York, County of Queens.

WHEREFORE, Defendant United Airlines, Inc. hereby respectfully requests that the Court remove this action from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York, wherein it shall proceed as an action originally commenced therein.

- 5 -

Dated: New York, New York
      September 22, 2022

NUKK-FREEMAN & CERRA, P.C.
*Attorneys for Defendant*
*United Airlines, Inc.*

*/s/ Kirsten M. Grossman*
Kirsten M. Grossman, Esq.
26 Main Street, Suite 202
Chatham, NJ 07928
kgrossman@nfclegal.com
Telephone: (973) 665-9100
Facsimile: (973) 665-9101

# EXHIBIT A

Supreme Court of the State of New York
County of Queens
_____x

YIFAT SHOHAM,

    Plaintiff,

-against-

UNITED AIRLINES INC.,

    Defendant.

_____x

Index No. 717509/2022

**VERIFIED COMPLAINT**

Plaintiff YIFAT SHOHAM, by and through her undersigned counsel, for her complaint against defendant United Airlines Inc. ("United Airlines" or "United"), alleges as follows:

**NATURE OF THE CASE**

1. This is an action for age discrimination and wrongful termination against United Airlines for wrongfully accusing plaintiff – who had been a United flight attendant for 23 years and who had an impeccable record – of violating United Airlines rules prohibiting the "parking" of flights by an employee, and wrongly terminating her for what was, at most, would have been a minor infraction if plaintiff had, in fact, engaged in the prohibited transaction for which she was accused. The reason given for the termination of plaintiff on February 4, 2022 was a pretext for the real reason why United Airlines terminated plaintiff, which was that United Airlines was trying to get rid of its older flight attendants one way or the other, so that the airline could replace them with younger and cheaper employees who could be hired at much lower levels of compensation.

FILED: QUEENS COUNTY CLERK 08/23/2022 10:38 AM
NYSCEF DOC. NO. 1

Case 1:22-cv-05677-DLI-RER   Document 1   Filed 09/22/22   Page 8 of 16 PageID #: 8
INDEX NO. 717509/2022
RECEIVED NYSCEF: 08/23/2022

## PARTIES

2. Plaintiff Yifat Shoham is a resident of Queens County who has worked as a flight attendant at United for 23 years. Plaintiff previously worked as a consumer service representative and flight attendant for Continental Airlines, which merged with United Airlines on October 1, 2010. Since that time (until her termination) plaintiff worked as a flight attendant for United Airlines.

3. Defendant United Airlines is the third largest airline in the world, Its parent company is United Airlines Holdings, Inc., a publicly traded airline holding company headquartered in Chicago, Illinois. United Airlines conducts a significant amount of its business from Terminal 7 and other locations at JFK International Airport in Queens, New York.

...

## JURISDICTION AND VENUE

4. This Court has both jurisdiction and venue over this matter in that Plaintiff resides in Queens County, and Defendant United Airlines conduct a substantial amount of their business in this County.

## STATEMENT OF FACTS

5. As a flight attendant at United Airlines, plaintiff has the right under United Airlines rules to trade flights with other flight attendants, subject to certain restrictions. One of these restrictions was Section 7.i.19 of United Airlines rules, which states as follows: "The placement of trips on other Flight Attendant's lines to facilitate trading ("parking") is not permitted."

6. United Airlines accused plaintiff of removing a "pairing" of trips on January 4, 2022 from Flight Attendant Aliza Haral's line, but an investigation showed that the "pairing"

2

was not placed by plaintiff on her own line, or that of any other flight attendant. Rather, the flight "pairing" was placed by Flight Attendant Simi Abraham on another flight attendant's line (i.e. "parking"), not by plaintiff. Thus, United Airlines decision to terminate plaintiff could not have been properly based on a violation of Section 7.i.19.

7. Even if plaintiff had violated Section 7.1.19 (she did not), United Airlines' decision to terminate her was inappropriately harsh, especially in view of her exemplary employment history with United.

8. Upon information and belief, the real reason why United was so anxious to terminate her is that she was one of the most senior flight attendants, which necessarily meant that she was among the highest paid senior flight attendants that United had targeted for termination, so they could be replaced by younger employees at lower salary and benefit levels.

**AS AND FOR A FIRST CAUSE OF ACTION**

**(Discrimination Based on Age under New York Executive Law § 296)**

9. Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as though fully set forth herein.

10. New York State's Human Rights Law (Executive Law § 296) protects workers against discrimination or harassment based on their age, race, creed, color, national origin, sexual orientation, and other specified characteristics.

11. United Airlines unlawfully discriminated against plaintiff on the basis of age by terminating her on the pretext that she had violated the Company's rules against "parking" as set forth in Rule 7.i.19, which she did not.

3

12. As a result of said age discrimination and wrongful termination, plaintiff was damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Discrimination Based on Age under New York City Administrative Code § 8-107)

13. Plaintiff repeats and realleges the foregoing paragraphs of this Complaint as though fully set forth herein.

14. New York City's Human Rights Law (New York City Administrative Code § 8-107) protects workers against discrimination or harassment based on their age, race, creed, color, national origin, sexual orientation, and other specified characteristics.

15. United Airlines unlawfully discriminated against plaintiff on the basis of age by terminating her on the pretext that she had violated the Company's rules against "parking" as set forth in Rule 7.i.19, which she did not.

16. As a result of said age discrimination and wrongful termination, plaintiff was damaged in an amount to be determined at trial.

### JURY TRIAL DEMAND

17. Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, plaintiff respectfully asks this Court to issue an Order and Judgment awarding plaintiff damages on plaintiff's First and Second causes of action in an amount to be

4

determined at trial, punitive damages, costs, interest and reasonable attorney's fees, and such other relief as this Court deems just and proper.

Dated: New York, New York
      August 22, 2022

              McCALLION & ASSOCIATES LLP

              /s/ Kenneth F. McCallion

              _____

              Kenneth F. McCallion
              Attorneys for Plaintiff
              100 Park Avenue – 16th floor
              New York, New York 10017
              (646) 366-0884

## VERIFICATION

YIFAT SHOHAM, affirms as follows under penalty of perjury:

1. I am the plaintiff in this matter and are fully familiar with the facts and circumstances of this case.

2. I have read the foregoing Complaint and find its contents to be true and correct, except as to those matters asserted upon information and belief, and as to those matters, I believe them to be true and correct.

Dated: Queens, New York
August 22, 2022

_____
YIFAT SHOHAM

# EXHIBIT B

IN THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS

| | | |
|---|---|---|
| **YIFAT SHOHAM** | Plaintiff/Petitioner | Hearing Date:<br>INDEX NO: **717509/2022**<br>Index Date: **08/23/2022** |
| vs. | | |
| **UNITED AIRLINES INC.** | Defendant/Respondent | AFFIDAVIT OF SERVICE OF:<br>SUMMONS; VERIFIED COMPLAINT; NOTICE OF ELECTRONIC FILING |

Received by **Islam Alaaeldin**, on the **25th day of August, 2022 at 8:08 AM** to be served upon **United Airlines, Inc. c/o C T Corporation** at **233 S. Wacker Drive, Chicago, Cook County, IL 60606**.

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **25th day of August, 2022 at 10:08 AM** at the address of **28 Liberty St C T Corporation, NEW YORK, New York County, NY 10005**, this affiant served the above described documents upon **United Airlines, Inc. c/o C T Corporation** in the manner described below:

**CORPORATE SERVICE**, by personally delivering **1** true and correct copy(ies) of the above described documents, with the date and hour of service endorsed thereon by this affiant, to the corporation described as the named defendant.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY(IES) OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
C T Corporation, I delivered the documents to C T Corporation with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black male contact 25-35 years of age, 5'10"-6'0" tall and weighing 200-240 lbs.

Deponent asked the indicated person whether the defendant and/or present occupant was presently in the military service of the United States Government or in active duty in the military service of the State of New York or a dependent of anybody in the military and defendant and/or present occupant refused to indicate.

Executed on __8/29__, 20__22__

_____
**Islam Alaaeldin, Reg. # 2106710-dca, NYC DCWP, NY**

ABC Legal Services, LLC
DCA Lic. #1380619 Exp, 02/28/24
147 Prince St, Suite 4-6, Brooklyn, NY 11201

STATE OF NEW YORK COUNTY OF __Kings__
SWORN TO AND SUBSCRIBED BEFORE ME THIS __29__ OF __Aug__ 20__22__ BY __Islam Alaaeldin__ (AFFIANT NAME)

_Nevin Elwardany_
SIGNATURE OF NOTARY PUBLIC

_____
PRINT, TYPE OR STAMP NOTARY'S COMMISSIONED NAME

PERSONALLY KNOWN __X__ OR PRODUCED IDENTIFICATION_____
TYPE OF IDENTIFICATION PRODUCED_____

```
NEVIN A. ELWARDANY
NOTARY PUBLIC, STATE OF NEW YORK
No. 01EL6337539
QUALIFIED IN KING COUNTY
MY COMMISSION EXPIRES FEB 29, 2024
```

Page 1 of 1
FOR: **McCallion & Associates**
REF: **REF-10742078**

Tracking #: **0091749172**

1 of 1

# EXHIBIT C

**Wolters Kluwer**

CT Corporation
Service of Process Notification
08/25/2022
CT Log Number 542183936

## Service of Process Transmittal Summary

**TO:** Maria Bustamante, Paralegal-Litigation
United Airlines, Inc.
609 MAIN STREET, 16TH FLOOR/HSCPZ
HOUSTON, TX 77002-3167

**RE:** Process Served in New York

**FOR:** United Airlines, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: YIFAT SHOHAM // To: United Airlines, Inc. |
| **CASE #:** | 7175092022 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, New York, NY |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/25/2022 at 10:11 |
| **JURISDICTION SERVED:** | New York |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Tom Campuzano  thomas.d.campuzano@united.com |
| | Email Notification,  Maria Bustamante  maria.bustamante@united.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
28 Liberty Street
New York, NY 10005
866-331-2303
CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.