UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
YIFAT SHOHAM,

                            Plaintiff,

                -against-                           **SUMMARY ORDER OF REMAND**

UNITED AIRLINES, INC.,                        **22-cv-05677(DLI)(RER)**

                            Defendant.
-------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On September 22, 2022, United Airlines, Inc. ("Defendant") removed this action from New York State Supreme Court, Queens County ("state court"), to this Court. *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1. For the reasons set forth below, this case is remanded to state court *sua sponte* for lack of subject matter jurisdiction.

## BACKGROUND

On August 23, 2022, Yifat Shoham ("Plaintiff") filed a verified complaint in state court, alleging wrongful termination and discrimination based on age pursuant to New York Executive Law § 296 and New York City Administrative Code § 8-107. Complaint ("Compl."), Dkt. Entry No. 1 ¶¶1, 9-16. Plaintiff alleges "damages in an amount to be determined at trial." *Id*. ¶¶ 12, 16.

On September 22, 2022, Defendant removed the case to this Court, invoking its diversity jurisdiction under 28 U.S.C. § 1332. Notice, ¶ 5. Defendant contends, in speculative fashion, that Plaintiff seeks monetary damages, including compensatory and punitive, and, "[t]herefore, *assuming solely for the purposes of this application* that Plaintiff could succeed on her claims, her recovery *could exceed $75,000.00*, not inclusive of any fees, costs or interest." *Id.*, ¶ 7(a) – (c)(emphasis added). Neither the Complaint nor the Notice contains any allegations of fact specifically establishing the amount in controversy. Plaintiff has not moved for remand.

On September 29, 2022, Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure alleging lack of personal jurisdiction. *See,* Mot. to Dismiss, Dkt. Entry No. 5. On October 13, 2022, the parties jointly filed a stipulation agreeing to transfer venue to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a), and, in exchange for Plaintiff's consent to transfer venue, Defendant would withdraw its motion to dismiss. *See,* Stipulation, Dkt. Entry No. 6.

For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction and the case is remanded to state court. As there is no subject matter jurisdiction, the Court has no authority to consider either Defendants' motion to dismiss or the parties' joint request to transfer venue.

## DISCUSSION

### I. Subject Matter Jurisdiction

As a threshold matter, the Court first must address whether subject matter jurisdiction exists or whether the Court may remand this case to the state court *sua sponte*.

The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute to authorize a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth*., 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citation omitted). The Second Circuit has cautioned district courts to "construe the removal statute

narrowly, resolving any doubts against removability." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

A party seeking to remove a case based on diversity jurisdiction "must aver that all of the requirements of diversity jurisdiction have been met." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). Such requirements include establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *See, Lupo*, 28 F.3d at 273-74 (citation omitted).

In this case, Defendant fails to meet its burden to show that the jurisdictional amount required for diversity jurisdiction has been satisfied. When invoking diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quotation and citation omitted). *See, also Herlihy v. Hyatt Corp.*, 2022 WL 826151, at *2 (S.D.N.Y. Mar. 18, 2022) ("generalized and conclusory allegations do not permit the Court to draw the reasonable inference that the amount in controversy requirement is met.") (citing cases); *Jean-Louis v. Amazon.com Servs., LLC*, 2022 WL 3867668, at *4 (E.D.N.Y. Aug. 29, 2022). Here, the Notice does not include any facts concerning Plaintiff's damages. Defendant's bald assertion that, "assuming" Plaintiff succeeds on her claims, "her recovery could exceed $75,000.00," is insufficient to establish the amount in controversy. Notice, ¶ 7.

In addition, the Complaint lacks information concerning the extent of Plaintiff's damages,

3

asserting only that the amount of damages are to be determined at trial. "Defendant cannot meet [its] burden by relying on inferences drawn from the Complaint, because the Complaint does not allege a damages amount." *Herrera v. Terner*, No. 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). Such boilerplate pleadings do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction. *See Noguera v. Bedard*, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages.").

Based on the foregoing analysis, the Court finds that it lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Thus, remand to state court is proper.

## II.     Personal Jurisdiction

As an initial matter, the parties' stipulation appears to render moot Defendants' motion to dismiss based on lack of personal jurisdiction. *See*, Stipulation. Nonetheless, given that the Court lacks subject matter jurisdiction, the Court cannot consider Defendant's challenge to personal jurisdiction. When the subject matter jurisdiction analysis "involve[s] no arduous inquiry," as is the case here, "expedition and sensitivity to [the] state courts' coequal stature" impels this Court to resolve the issue of subject matter jurisdiction first. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88 (1999). "[W]hile a trial court is not categorically barred from considering personal jurisdiction . . . before determining that it has subject matter jurisdiction, Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case . . . ." *Knowyourmeme.com Network v. Nizri*, 2021 WL 3855490, at *8 (S.D.N.Y. Aug. 30, 2021) (internal quotations and citation omitted). Therefore, the Court declines to consider Defendant's motion to dismiss for lack of personal jurisdiction.

### III. Venue

As there is no subject matter jurisdiction, the Court declines to address the parties' joint request to transfer venue. *See*, Stipulation. "Federal courts must . . . find the existence of subject-matter jurisdiction before they may entertain a motion to transfer." *Levitt v. State of Maryland Deposit Ins. Fund Corp*., 643 F.Supp. 1485, 1490 n. 3 (E.D.N.Y.1986). "Since this court lacks subject matter jurisdiction over the instant matter, no order transferring the case may be issued." *Leeds, Morelli & Brown, P.C. v. Hernandez*, 2005 WL 2148994, at *3 (E.D.N.Y. Sept. 6, 2005) (collecting cases). *See, also Yun Chi v. Parajon*, 2020 WL 6700584, at *2 (S.D.N.Y. Nov. 13, 2020) ("Without subject-matter jurisdiction, the Court is without power to effect the relief plaintiffs seek, *i.e.*, transfer of venue."). Here, the Court construes the parties' joint stipulation as a motion to transfer venue. However, as there is no subject matter jurisdiction, the Court may not address the motion to transfer this case to the District of New Jersey.

### **CONCLUSION**

For the reasons set forth above, this case is remanded for lack of subject matter jurisdiction to New York State Supreme Court, Queens County, under Index No. 717509/2022, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
       October 21, 2022

/s/
DORA L. IRIZARRY
United States District Judge
